IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN GREENE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-4622 |
| | § | |
| INFRATEL COMMUNICATIONS OF TEXAS, LLC, and JOHN GARDNER | § § § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Ryan Greene ("Plaintiff") files this Original Complaint against Infratel Communications of Texas, LLC and John Gardner (collectively "Defendants") showing the Court as follows:

## SUMMARY

1. Plaintiff worked for Defendants as a data technician and project manager. Plaintiff was deprived overtime compensation from Defendants despite being non-exempt from overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* In addition, Plaintiff was paid less than his hourly rate for certain pay periods and did not receive all of his straight-time wages, sometimes resulting in pay that was below minimum wage. Plaintiff brings this suit to recover what he is owed under the law.

## THE PARTIES AND JURISDICTION

2. Plaintiff Ryan Greene is a natural person residing within the confines of the Southern District of Texas. Plaintiff has standing to file this lawsuit.

3. Defendant Infratel Communications of Texas is a Texas limited liability company with its principal place of business in Houston, Texas. It may be served with process at 16055 Space Center, Suite 235, Houston, TX 77062 or through its owner, John Gardner.

4. Defendant John Gardner is an individual residing within the confines of the Southern District of Texas. Defendant Gardner is an employer of Plaintiff pursuant to the FLSA. Defendant Gardner may be served with process at 303 Wells Fargo Drive, Suite 4, Houston, TX 77090 or at 227 W. Riverwood Drive, Houston, TX 77076.

5. The Court has personal jurisdiction over Defendants based on general jurisdiction. At all relevant times, Defendants have done business in the State of Texas.

6. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically pursuant to the FLSA.

7. Venue is appropriate under 29 U.S.C. § 1391(b)(2) ("A civil action may be brought in—(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

## FACTUAL AND LEGAL BACKGROUND

8. Plaintiff was employed by Defendants as a data technician and project manager.

9. Plaintiff's job duties included pulling data cable, handling information technology tasks, installing security cameras, installing Wi-Fi access points, installing and terminating IT closets, and managing project workflow on a daily basis.

10. Plaintiff was never paid on a salary basis or with a minimum guarantee.

11. Plaintiff typically worked more than 40 hours in a workweek. Defendants did not pay Plaintiff overtime compensation for hours worked over 40 in a workweek. In addition, Defendants did not pay Plaintiff straight-time wages for all of his hours worked.

-3-

**FLSA CLAIMS FOR FAILURE TO PAY OVERTIME WAGES AND MINIMUM WAGE**

12. The preceding paragraphs of this complaint are incorporated herein.

13. This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. § 201, *et. seq*.

14. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate.  *See* 29 U.S.C. § 207(a)(1).  The exemptions to this rule are narrowly construed and the burden of proof to establish them lies with the employer.  *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).  No exemption applies in this case.

15. The FLSA requires a minimum wage of $7.25 per hour.  29 U.S.C. § 206(a)(1).

16. At all material times, Plaintiff was an employee of Defendants for purposes of the FLSA.  29 U.S.C. § 203(e).

17. At all material times, Defendants were eligible and covered employers under the FLSA.  29 U.S.C. § 203(d).

18. At all material times, Plaintiffs was non-exempt under the FLSA.

19. At all material times, Plaintiff worked in excess of 40 hours per seven-day workweek and Defendants knew or should have known that to be true.

20. At all material times, Plaintiff was entitled to overtime compensation for hours worked over 40 in a seven-day workweek.  29 U.S.C. § 207(a)(1).

21. Defendants failed to pay Plaintiff overtime compensation for hours worked over 40 in a seven-day workweek.

22. Accordingly, Plaintiff seeks back pay of his unpaid overtime compensation.

23. In addition, Defendants failed to pay Plaintiff minimum wage for all hours Plaintiff worked.

24. Plaintiff is entitled to the difference between the minimum wage and his actual wage for all hours worked for less than minimum wage.

25. Plaintiff is entitled to liquidated damages. An employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

26. Plaintiff is also entitled to court costs and reasonable attorney's fees. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

## JURY DEMAND

27. Plaintiff requests a trial by jury.

## DAMAGES AND PRAYER

Plaintiffs asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants for the following:

    a. Actual damages in the amount of unpaid wages;

    b. Liquidated damages under the FLSA;

    c. Pre-judgment and post-judgment interest;

    d. Court costs;

    e. Reasonable attorneys' fees; and

    f. All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

By: s/ Ahad Khan
Ahad Khan
State Bar No. 24092624
S.D. Texas ID No. 2981398
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3558 – Telephone
ak@ahadkhanlaw.com – Email

ATTORNEY FOR PLAINTIFF